# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER MARRONE, | CASE NO. 1:09-cv-01655-GBC PC |
| Plaintiff, | ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO PROSECUTE |
| v. | |
| FRESNO COUNTY JAIL, et al., | |
| Defendants. | |

Plaintiff Christopher Marrone ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on September 17, 2009. On September 8, 2010, the Court issued an order reassigning the case, and on September 16, 2010, the order was returned by the United States Postal Service as undeliverable stating attempted - not known.

Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the Court apprised of his or her current address at all times. Local Rule 183(b) provides, in pertinent part:

> If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

In the instant case, more than sixty-three days have passed since Plaintiff's mail was returned, and he has not notified the Court of a current address.

///

1    "In determining whether to dismiss an action for lack of prosecution, the district court is
2    required to consider several factors: '(1) the public's interest in expeditious resolution of litigation;
3    (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public
4    policy favoring disposition of cases on their merits; and (5) the availability of less drastic
5    sanctions.'" Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting Henderson v. Duncan, 779
6    F.2d 1421, 1423 (9th Cir. 1986)).  These factors guide a court in deciding what to do, and are not
7    conditions that must be met in order for a court to take action.  In re Phenylpropanolamine (PPA)
8    Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

9    In this instance, Local Rule 183(b) provides for the dismissal of an action based on returned
10   mail.  Given the Court's inability to communicate with Plaintiff, dismissal is warranted and there
11   are no other reasonable alternatives available.  See Carey, 856 F.2d at 1441.

12   Accordingly, this action is HEREBY DISMISSED, without prejudice, based on Plaintiff's
13   failure to prosecute.

14   IT IS SO ORDERED.

15   Dated:   December 14, 2010
16                                                                    UNITED STATES MAGISTRATE JUDGE